

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-96,741-01

### EX PARTE JOSE AMBROSIO TAPIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1053651-A IN THE 339TH DISTRICT COURT HARRIS COUNTY

**Schenck, P.J.,** filed a concurring opinion.

## CONCURRING OPINION

The First Court of Appeals affirmed Jose Ambrosio Tapia's conviction of aggravated robbery, and he now complains his appellate counsel failed to timely inform him of this decision, arguing he would have filed a petition for discretionary review had counsel properly informed him of his right to file a pro se petition. The sole question presented at this stage in Tapia's case is procedural—whether Tapia

may be heard on review by an out-of-time petition for discretionary review—and the Court today has granted Tapia relief to file.

We previously remanded to the convicting court the questions of whether (1) Tapia had been deprived of notice of the adverse decision below as a result of a denial of his right to effective counsel, and (2) whether relief should be denied on account of laches. That court found Tapia had been denied timely notice as a result of counsel's ineffective assistance, found no basis for application of laches, and recommended relief. This Court now grants relief in the form of opening the gate to his filing of a petition. This procedural relief does not guarantee Tapia relief on the merits of the arguments any future-filed petition may present, nor does it guarantee he will inevitably file one. I thus concur in this Court's decision and would find the doctrine of laches should not bar relief on a procedural matter such as that before us.

While the U.S. Constitution does not compel a right to direct appellate review,[1] once that right has been created, as it has here, due process assures that right to be heard is not erroneously denied. *See Griffin v. Illinois*, 351 U.S. 12, 18 (1956) (explaining the States are not compelled to offer review); *cf. Evitts v. Lucey*, 469 U.S.

---

[1] Whether that holding remains correct or would be replicated under our State constitution may be debatable but is ultimately irrelevant in view of our laws having conferred a right to be heard on direct appeal in Article 44.02 of the Code of Criminal Procedure. *Cassandra Robertson, The Right to Appeal*, 91 N.C. L. REV. 1219 (2013) (presenting case for recognition of federal due process right).

387, 399–00 (1985) (right to adequate counsel on direct appeal protected by due process though right to direct review itself has not been); *see generally Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415 (1994) (describing the State's "aberrant" failure to provide for appellate review as so contrary to contemporary standards as to deny due process). This is the right that is the subject of Tapia's application today. Nothing more. Nothing less.

Unlike the right to be heard, which finds its basis in the federal Constitution, the doctrine of laches is an equitable "theory which we may, and should, employ in our determination of whether to grant relief . . . ." *Ex parte Carrio*, 992 S.W.2d 486, 488 (Tex. Crim. App. 1999), *overruled in part by Ex parte Perez*, 398 S.W.3d 206, 213-15 (Tex. Crim. App. 2013). This doctrine assumes the longer an applicant delays in bringing his claim, the greater harm the State would suffer in responding to it. *See Ex parte Perez*, 398 S.W.3d 206, 217 (Tex. Crim. App. 2013) (explaining the State's interest in and potential for overcoming prejudice by claimant's delay).[2] The

---

[2] This Court's laches jurisprudence recently includes *Ex parte Hill*, 711 S.W.3d 221, 226-27 (Tex. Crim. App. 2025) (explaining this Court should avoid a "blow to the State's legitimate interest in the finality of its convictions, many years after the fact, without an adequate justification for the delay . . . ."). This case follows several decisions on claims brought by Michael Charles Hill, and, as expressed in my dissent in *Ex parte Eddie Wells*, the opinion in *Hill*'s progeny Judge Parker cites to, *Ex parte Hill*, 632 S.W.3d 547, 553 (Tex. Crim. App. 2021), does not stand for the proposition this Court may apply laches to reach even those claims which have not been raised and may never be. Rather, that holding in *Hill* more properly applies to the proposition that the application of laches turns on the claims pending before the Court.

doctrine is primarily addressed to the question of substantive relief and is best applied where substantive harm to the State's abilities has actually been demonstrated, as the trial court had found in *Perez*. While I have no doubt that laches *may* preclude entertaining review (despite a constitutional violation resulting in the loss of that right) where the evidence is so strong that *substantive* relief would not be available, whether as a result of laches or otherwise, that substantive prospect of relief is the proper target of the inquiry and the only one to which laches is targeted. *Cf. Perez,* 398 S.W.3d at 219 (Meyers, J., dissenting) (noting decision prematurely adjudged the controlling merits question).[3]

In the case at hand, the State, in its reply to Tapia, asserts laches should prevent the Court from permitting Tapia's belated filing. Looking to *Perez* for support, the State claims, "courts may more broadly consider material prejudice resulting from delay," including anything placing "the State in a less favorable position, including prejudice to the State's ability to retry a defendant," and considering "the totality of the circumstances in deciding whether to grant equitable relief." Judge Parker, in her dissent, fears lack of documentation of previous

---

[3] While I tend to agree with Judge Meyers that the substantive relief question to which laches is addressed is best addressed in connection with the merits, I do not rule out the possibility of a showing of plain and obvious futility as to the direct review that would foreclose relief at an earlier stage. Given the constitutional considerations informing the right to be heard, denial on that basis should be the exception and not the rule.

maneuvers in Tapia's case would prejudice the State in its future response and any affiliated court setting.

As noted, I have no doubt our discretion over the processing of habeas applications leaves us free to recognize gross delays resulting in obvious prejudice that would conclusively prohibit, on grounds of laches, our consideration of an application. But the State's argument and Judge Parker's assertion skip the question before us, looking to hypothetical future scenarios to assess prejudice as to Tapia's right to be heard at all, and the claim of prejudice here is neither so obvious nor so conclusive that it would foreclose relief regardless of how obvious or profound Tapia's claim to it might be.

As detailed in my dissent in *Ex parte Eddie Wells* involving a parallel process question, even broadly considering material prejudice, I would be inclined to slide the scale toward the State's favor *if* evidence existed that simply the *act of filing* Tapia's petition granted a blow to the finality of his conviction, or of actual harm suffered by the State in an attempt to reply to it. [4] None exists, and thus I agree with this Court's decision to grant Tapia relief to file an out-of-time petition.

Filed: January 29, 2026

---

[4] The Court's decision today comes after Tapia complained, and after the State replied. It appears the State suffered no prejudice in its ability to reply to his request for procedural relief. We should not assume any prejudice in the matter at hand when there is no evidence of it.

Publish